UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN M.CHAVEZ,

           Petitioner,                 No. C 10-1818 PJH (PR)

  vs.                                **ORDER TO SHOW CAUSE**

RANDY GROUNDS, Warden,

           Respondent.

_____/

     Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

     The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

### BACKGROUND

     In 1993 petitioner was convicted of second degree murder and was sentenced to prison for fifteen years to life.  This petition is directed to a denial of parole on March 5, 2009.   He claims to have exhausted these claims by way of state habeas petitions.

     Petitioner has had four cases in this court.  Number C 07-05312 PJH (PR), *In re Chavez*, was dismissed as opened in error.  Number C 07-5512 PJH (PR), *Chavez v. Curry*, was directed to a March 5, 2007, denial, and number C 08-4688 PJH (PR), *Chavez v. Curry*, was directed to a April 12, 2006, denial.  The court recently denied the petitions in those two cases.  The fourth case is this one.

///

///

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).   "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for relief, petitioner asserts that: (1) there was not "some evidence" to support the denial; and (2) the Board's application of "Marsy' Law" to set his next parole hearing for a date five years in the future violated the Ex Post Facto Clause.  These claims are sufficient to require a response.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

///

**United States District Court**
For the Northern District of California

2.  Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October 26, 2010.                           _____
                                                                        PHYLLIS J. HAMILTON
                                                                        United States District Judge

P:\PRO-SE\PJH\HC.10\CHAVEZ1818.OSC.wpd

3