UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN M. CHAVEZ,

    Petitioner,

vs.

RANDY GROUNDS, Warden,

    Respondent.

No. C 10-1818 PJH (PR)

**ORDER DENYING HABEAS PETITION AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer with supporting record and a memorandum of points and authorities. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

In 1993, petitioner was convicted of second degree murder and was sentenced to prison for fifteen years to life. This petition is directed to a denial of parole on March 5, 2009. Petitioner has exhausted these claims by way of state habeas petitions.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000). Here, the Superior Court for Los Angeles County provided the only reasoned ruling.  Resp't Answer, Ex. 1.

**DISCUSSION**

**I.    Merits**

Petitioner presents two issues, that (1) there was not "some evidence" to support the denial; and (2) the Board's application of "Marsy' Law" to set his next parole hearing for a date five years in the future violated the Ex Post Facto Clause.

The United States Supreme Court has recently held: "In the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be

2

heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'" *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011) (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). That is, there is no due process requirement that a parole denial be supported by "some evidence." As a result, petitioner's first issue is without merit.

As to the second issue, the Ninth Circuit recently reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause, and that as a result the district court abused its discretion in granting the preliminary injunction. *See Gilman v. Schwarzenegger*, 2011 WL 198435 at *8 (Jan. 24, 2011). *Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state court's rejection here of the Marsy's Law claim could not have been unreasonable. Petitioner's second claim also is without merit.

**II.     Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Ninth Circuit has not explicitly held that Marsy's Law does not violate the Ex Post Facto Clause – in *Gillman* it held only that the plaintiff's were not likely to prevail on the merits of that claim – reasonable jurists could find the court's ruling on that issue debatable.  A certificate of appealability thus will be granted on that issue only. Petitioner is advised that despite the grant of a COA, if he wishes to appeal he must file a notice of appeal within thirty days of the date the judgment is entered.  *See* Rule 11(b), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.  A COA is **GRANTED** on the Marsy's Law issue.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\CHAVEZ1818.RUL.wpd

4